UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

   - against -

AKOSUA ANIMPONG,

              Defendant.

------------------------------------------X

04 Cr. 1148-1 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On September 19, 2005, Defendant Akosua Animpong ("Animpong") pled guilty without the benefit of a plea agreement to one count of conspiracy to import heroin, one count of conspiracy to distribute and possess with intent to distribute heroin, and one count of conspiracy to commit money laundering. For the reasons set forth below, Animpong will be sentenced to 87 months' imprisonment, to be followed by a three-year term of supervised release. Animpong also will be required to pay a special assessment of $300.

**Prior Proceedings**

Animpong was arrested on August 16, 2004 and has remained in custody since that time. A superseding indictment was filed in the Southern District of New York on March 22, 2005, charging in

1

part that from July 2004 through about August 20, 2004, Animpong and others (1) conspired in violation of 21 U.S.C. § 963 to import into the United States one kilogram and more of heroin, in violation of 21 U.S.C. §§ 952, 960(a)(1), and 960(b)(1)(A) ("Count One"), (2) conspired in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) ("Count Two"), and (3) conspired to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). On September 19, 2005, Animpong appeared before the Honorable Andrew J. Peck of this District and pled guilty without the benefit of a plea agreement to her criminal conduct as charged in Counts One through Three of the indictment. The defendant's sentencing is scheduled for January 4, 2007.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

2

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Animpong's personal and family history.

**The Offense Conduct**

The indictment filed in this action charges that from about July 2004 through about August 20, 2004, Animpong, along with her codefendants Edward Boakye ("Boakye"), John Aggrey-Fynn, Caroline Quarshie ("Quarshie"), Ebenezer Owusu ("Owusu") and others, conspired to import heroin into the United States from Ghana. During transport, the heroin was concealed in compartments sewn into traditional African shirts. After receiving the shirts, the conspirators retrieved the heroin by unstitching the shirts. The heroin was then distributed to customers in various locations. According to the indictment, large quantities were distributed directly from Animpong's apartment in the Bronx.

Through court-authorized interceptions over telephones associated with Animpong, special agents of the Drug Enforcement Agency ("DEA") collected evidence that Animpong was directly engaged in receiving shipments of narcotics, distributing the drugs to wholesale customers, and delivering the proceeds of drug sales to Quarshie.

4

Animpong was arrested on August 16, 2004, at her apartment, where DEA agents recovered approximately eighty-five grams of heroin and approximately $20,000 in cash. A subsequent search of Boakye's apartment found what appeared to be three pieces of traditional African garments with the seams ripped open. Agents also found cutting agents, as well as an undetermined amount of U.S. currency in excess of $5000, and Western Union documents reflecting money transfers to Colombia and Ghana. Additional garments containing approximately 3.2 kilograms of heroin were found in Owusu's home. Animpong is being held accountable for the importation and distribution of between three and ten kilograms of heroin.

**The Relevant Statutory Provisions**

The mandatory minimum term of imprisonment for Counts One and Two is ten years; the maximum term of imprisonment is a term of life, pursuant to 21 U.S.C. §§ 963, 841(b)(1)(A), and 846. The maximum term of imprisonment for Count Three is twenty years, pursuant to 18 U.S.C. § 1956(h). However, because the Government has agreed that Animpong qualifies for safety-valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the Court shall impose a sentence pursuant to the Guidelines without regard to the statutory minimum sentence.

5

Because Animpong qualifies for safety-valve relief pursuant to 18 U.S.C. § 3553(f), she is not subject to any statutory minimum term of supervised release. Nevertheless, the Court may impose terms of supervised release of not more than five years for Counts One and Two, and a term of not more than three years for Count Three, pursuant to 18 U.S.C. § 3583(b)(1) and (2). Such terms of supervised release run concurrently, pursuant to 18 U.S.C. § 3624(e).

Animpong is not eligible for probation on Counts One and Two because probation has been expressly precluded for these offenses by statute, pursuant to 18 U.S.C. § 3561(a)(2), 21 U.S.C. § 963, and 21 U.S.C. § 841(b)(1)(A). The defendant is not eligible for probation on Count Three because she will be sentenced to a term of imprisonment on Counts One and Two. 18 U.S.C. § 3561(a)(3).

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine for Counts One and Two is $4 million per count, pursuant to 18 U.S.C. § 3571. The maximum fine for Count Three is $500,000, pursuant to 18 U.S.C. § 1956(h).

Pursuant to 21 U.S.C. § 862(a)(1)(A), upon a first conviction for distribution of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the Court.

A special assessment in the amount of $300 is mandatory. 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2006 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to section 1B1.11(a). Counts One, Two, and Three are grouped together pursuant to § 3D1.2(c).

The Guideline for violations of 21 U.S.C. §§ 963 and 846 is found in section 2D1.1. The guideline for a violation of 18 U.S.C. § 1956(a) is found in section 2S1.1. Pursuant to section 2S1.1(a)(1), the offense level for the underlying offense from which the laundered funds were obtained is to be used. Animpong is being held responsible for the trafficking of between three and ten kilograms of heroin. As specified in the Drug Quantity Table under

section 2D1.1(c)(3), the base offense level for all three Counts therefore is 34.

Because the Government has agreed that the defendant appears to meet the criteria set forth in subdivisions (1) through (5) of U.S.S.G. § 5C1.2, a two-point reduction in the offense level is warranted.   U.S.S.G. § 2D1.1(b)(9).

Animpong has shown recognition of responsibility for the offense.  Pursuant to section 3E1.1(a), the offense is reduced two levels.  Further, because Animpong's timely notification of her intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is sixteen or greater, the offense level is reduced one additional level.  § 3E1.1(b).  The defendant's resulting adjusted offense level is 29.

The defendant has no known criminal convictions. Therefore, Animpong has no criminal history points and a Criminal History Category of I.

Based on a total offense level of 29 and a Criminal History Category of I, the Guidelines range for imprisonment is 87 to 108 months.

Pursuant to U.S.S.G. § 5D1.1(a), supervised release shall be ordered if a sentence of imprisonment of more than one year is imposed. Because the defendant is eligible for safety-valve relief pursuant to section 5C1.2, she is not subject to any statutory minimum term of supervised release. U.S.S.G. § 5D1.2 cmt. 2. The guideline range for a term of supervised release for Counts One and Two is at least three but not more than five years, pursuant to section 5D1.2(a)(1). The guideline range for Count Three is a term of supervised release of at least two but not more than three years, pursuant to section 5D1.2(a)(2).

Because the applicable guideline range for imprisonment is in Zone D of the sentencing table, the defendant is not eligible for probation, pursuant to section 5B1.1, cmt. 2.

The fine range for the instant offense is from $15,000 to $8,500,000. § 5E1.2(c)(3)(A), (c)(4). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.

Pursuant to section 5F1.6, the Court may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, it is hereby determined that a Guidelines sentence is warranted.

## The Sentence

Considering that the instant conviction is the defendant's first, a sentence at the lower end of the Guidelines range will be imposed. For the instant offense, Animpong will be sentenced to 87 months' imprisonment on each of Counts One, Two, and Three, to run concurrently. Her term of incarceration will be followed by concurrent three-year terms of supervised release on each Count, also to run concurrently.

10

Since Animpong has been detained since her arrest, she is not a candidate for voluntary surrender. 18 U.S.C. § 3143(a)(2). Animpong is directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the defendant be supervised by the district of residence.

As mandatory conditions of her supervised release, Animpong shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance, and submit to one drug test within fifteen days of placement on supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer; and (5) cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13) shall be imposed with the following special conditions: (1) Animpong shall obey the immigration laws and comply with the directives of immigration authorities; and (2) Animpong shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable

manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant has any assets with which to pay a fine, so the fine in this case shall be waived.

A special assessment of $300, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for January 4, 2007.

It is so ordered.

**New York, NY**
**January 4, 2007**

ROBERT W. SWEET
U.S.D.J.